UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

| | | | |
|---|---|---|---|
| Case No. | 5:16-cv-00674-SVW-SP | Date | December 7, 2016 |
| Title | *Espresso Republic, LLC v. Nubru Coffee, PBC* | | |

Present: The Honorable    STEPHEN V. WILSON, U.S. DISTRICT JUDGE

| Paul M. Cruz | N/A |
|---|---|
| Deputy Clerk | Court Reporter / Recorder |
| Attorneys Present for Plaintiffs: | Attorneys Present for Defendants: |
| N/A | N/A |

**Proceedings:**    IN CHAMBERS ORDER **DENYING** MOTION FOR DEFAULT JUDGMENT [19].

On April 12, 2016, Plaintiff Espresso Republic, LLC ("Plaintiff") filed this action against Defendant NUBRU Coffee, PBC ("Defendant") for trademark infringement under the Lanham Act, 15 U.S.C. § 1114; false designation of origin under the Lanham Ac, 15 U.S.C. § 1125(a); and related state law and common law claims.  Dkt. 1.  The Plaintiff alleges that the Defendant sold coffee that bears a mark that willfully infringes on the Plaintiff's federally registered trademarks related to its own coffee products.  *Id.*  On October 25, 2016, the clerk entered default against the Defendant. Dkt. 17. Presently before this Court is Plaintiff's motion for default judgment against the Defendant.  Dkt. 19.  For the foregoing reasons related to the Plaintiff's damages analysis, this Court **DENIES** Plaintiff's motion.

I.    **Background**

The factual allegations in this case are straightforward.  Plaintiff Espresso Republic is a California limited liability company with a principal place of business in Chino, California.  Complaint, Dkt. 1, ¶ 2 ("Complaint").  Defendant NUBRU Coffee is a Colorado public benefit corporation with a principal place of business in Longmont, Colorado that does business in the Central District of California. *Id.* at ¶ 3.  The Plaintiff alleges that it owns federally registered trademarks related to its sale of coffee. *Id.* at ¶ 7-8.  It has used these trademarks since 2010 and prior to the Defendant's use.  *Id.*  The Defendant sells coffee bearing a trademark that constitutes infringing use because it is likely to cause confusion among consumers, is not licensed, and is unauthorized.  *Id.* at ¶¶ 9-10. The Plaintiff attached its own trademarks and the infringing trademarks to the Complaint.  Complaint, Exh. 1, 2.

:

Initials of Preparer    PMC

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

| | | | |
|---|---|---|---|
| Case No. | 5:16-cv-00674-SVW-SP | Date | December 7, 2016 |
| Title | *Espresso Republic, LLC v. Nubru Coffee, PBC* | | |

The Plaintiff alleges that it has been harmed because it has established substantial goodwill and brand recognition with consumers. *Id.* at ¶ 14. Therefore, the Defendant's use of an infringing mark that is likely to confuse consumers due to their similarity and overlap in consumers will harm its reputation among the public, especially because the Defendant's goods are allegedly inferior. *Id.* at ¶¶ 12-16.

The Plaintiff filed a trademark opposition against the Defendant and its similar trademark before the United States Trademark Trial & Appeal Board ("TTAB"), which included a claim of likelihood of confusion. *Id.* at ¶ 17. The TTAB entered judgment against NUBRU, and the time for appeal of this judgment has passed. *Id.*

The Plaintiff now requests this Court to enter default judgment against Defendant in the amount of $2,939,000.00 in actual damages for willful trademark infringement. Dkt. 19, 2. The Plaintiff also requests a permanent injunction against the Defendant, enjoining the Defendant and its officers, agents, servants, employees, and attorneys from infringing on the Plaintiff's trademarks or assisting others in infringing on the marks. *Id.* Finally, the Plaintiff requests treble damages and attorneys' fees in the amount of $179,940 pursuant to Local Rule 55-3.

**II.    Legal Standard**

Before a Court may rule on a motion for default judgment, it first must determine whether the motion complies with Rule 55 of the Federal Rules of Civil Procedure and Local Rule 55-1. *See Pepsico, Inc. v. California Security Cans*, 238 F. Supp. 2d 1172, 1175 (C.D. Cal. 2002). The motion must set forth: (1) when and against which party the default was entered; (2) the identification of the pleading to which default was entered; (3) whether the defaulting party is an infant or incompetent person, and if so, whether that person is adequately represented; (4) that the Soldiers' and Sailors' Civil Relief Act of 1940 does not apply; and (5) that notice of the application has been served on the defaulting party, if required. *Id.*; *see also Landstar Ranger, Inc. v. Parth Enters., Inc.*, 725 F. Supp. 2d 916, 919 n.19 (C.D. Cal. 2010) (holding that service on defaulting party is required only if the party has appeared in the action). Further, Rule 55(a) of the Federal Rules of Civil Procedure states, "[w]hen a party against whom a judgment for affirmative relief is sought has failed to plead or otherwise defend, and that failure is shown by affidavit or otherwise, the clerk must enter the party's default."

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

| | | | |
|---|---|---|---|
| Case No. | 5:16-cv-00674-SVW-SP | Date | December 7, 2016 |
| Title | *Espresso Republic, LLC v. Nubru Coffee, PBC* | | |

Once these procedural conditions are met, "[g]ranting or denying a motion for default judgment is a matter within the court's discretion." *Landstar*, 725 F. Supp. 2d at 919. In deciding whether to grant a default judgment, a court considers: "(1) the possibility of prejudice to the plaintiff, (2) the merits of the plaintiff's substantive claim, (3) the sufficiency of the complaint, (4) the sum of money at stake in the action, (5) the possibility of a dispute concerning material facts, (6) whether the default was due to excusable neglect, and (7) the strong policy underlying the Federal Rules of Civil Procedure favoring decisions on the merits." *Eitel v. McCool*, 782 F.2d 1470, 1471-72 (9th Cir. 1986).

Upon entry of default, the well-pleaded allegations of the complaint, except those concerning damages, are deemed true. Fed. R. Civ. P. 8(b)(6). The court, however, must assure itself that "the unchallenged facts constitute a legitimate cause of action, since a party in default does not admit mere conclusions of law." *Landstar*, 725 F. Supp. 2d at 920.

Plaintiffs are required to prove all damages sought in the complaint, and such damages "shall not be different in kind from, or exceed in amount, what is demanded in the pleadings." Fed. R. Civ. P. 54(c). "Plaintiff's burden in 'proving up' damages is relatively lenient." *Philip Morris USA, Inc. v. Castworld Products, Inc.*, 219 F.R.D. 494, 498 (C.D. Cal. 2003) (internal citations omitted). But sufficient facts, necessary to determine damages, must be provided to the court. *See Id*.

### III.   Discussion

#### A.   Procedural Prerequisites

The Plaintiff has met the procedural requirements set out in *PepsiCo*. The Plaintiff's motion for default judgment, along with consideration of the pleadings and filings in the case, set forth: (1) that Default was entered against Defendant on October 25, 2016, Dkt. 17, Attachment 3; (2) that Default was entered as to the complaint; (3) that Defendant is not an infant or an incompetent person; (4) that the Soldiers' and Sailors' Civil Relief Act of 1940 does not apply; and (5) that Defendant has been served with the present application.   Declaration of Gordon E. Gray III, Dkt. 19, Attachment 3, 2. Upon reviewing Plaintiff's motion, the Court finds that Plaintiff has satisfied the applicable procedural prerequisites for entry of default judgment. *See* Fed. R. Civ. P. 54, 55; L.R. 55-1; Dkt. 19.

|  | : |
|---|---|
| Initials of Preparer | PMC |

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

| | | | |
|---|---|---|---|
| Case No. | 5:16-cv-00674-SVW-SP | Date | December 7, 2016 |
| Title | *Espresso Republic, LLC v. Nubru Coffee, PBC* | | |

### B. Substantive Factors

#### 1. Merits of Plaintiff's Claims

As stated above, the well-pleaded allegations of the complaint, except those concerning damages, are deemed true. Fed. R. Civ. P. 8(b)(6). Therefore, the Court considers the merits of Plaintiff's substantive claim and the sufficiency of the complaint.

##### a. Trademark Infringement Under the Lanham Act

To prevail on its trademark infringement claim under the Lanham Act, 15 U.S.C. § 1114, a plaintiff must prove three elements: (1) the Plaintiff's trademarks are valid, protectable trademarks; (2) the Plaintiff owns the trademarks in question; (3) and the Defendant used the trademarks without the consent of the Plaintiff in a manner that is likely to cause confusion as to the source, sponsorship, affiliation, or approval of the goods.

The Plaintiff's Complaint properly alleges these three elements. First, it satisfies the first two elements by attaching the record of its ownership of the trademarks in question from the United States Patent and Trademark Office. Complaint, Exh. 1. Second, as to the third element, the Complaint alleges that the Defendant used the trademarks without the Plaintiff's consent. Complaint, ¶ 10. Finally, the Plaintiff alleges that consumer confusion is likely because the Defendant used the confusingly similar trademark on an identical product. *Id.* These allegations are adequate to establish a claim for trademark infringement under the Lanham Act.

##### b. Willfulness

Under the Lanham Act, a plaintiff who has shown a willful violation is entitled to actual damages. "In assessing damages the court may enter judgment, according to the circumstances of the case, for any sum above the amount found as actual damages, not exceeding three times such amount. If the court shall find that the amount of the recovery based on profits is either inadequate or excessive the court may in its discretion enter judgment for such sum as the court shall find to be just, according to the circumstances of the case. Such sum in either of the above circumstances shall constitute compensation and not a penalty." 15 U.S.C. § 1117(a).

|  | : |
|---|---|
| Initials of Preparer | |
| PMC | |

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

| Case No. | 5:16-cv-00674-SVW-SP | Date | December 7, 2016 |
|---|---|---|---|
| Title | *Espresso Republic, LLC v. Nubru Coffee, PBC* | | |

The Plaintiff properly alleges that Defendant acted willfully and/or knowingly in infringing on the Plaintiff's trademarks. The Complaint alleges that the Defendant willfully and intentionally adopted its shield trademark in order to divert business away from the Plaintiff and to the Defendant. Complaint, ¶ 13. Further, the Plaintiff alleges that the Defendant continued to operate the infringing mark even after the Plaintiff obtained a judgment against the Defendant in the Trademark Trial & Appeal Board, which included an argument that there was a likelihood of confusion between the Plaintiff's trademarks and the Defendant's marks. Complaint, ¶ 17. Therefore, the Plaintiff has sufficiently pled that the Defendant's trademark infringement was willful.

### 2. Remaining *Eitel* Factors

The *Eitel* factors weigh in favor of granting the Plaintiff's motion for default judgment. Factor one is the possibility of prejudice to the plaintiff. *Eitel*, 782 F.2d at 1471. If the Court does not grant the Plaintiff's motion for default judgment, the Plaintiff might not have any other recourse against the Defendant. The Defendant is solely responsible for infringing on the Plaintiff's trademarks. Therefore, this action is likely the best recourse the Plaintiff may have against the Defendant, and likely the only way it will be able to recover for the damages it has suffered.

Factors two and three are the merits of the plaintiff's substantive claim and the sufficiency of the complaint. *Eitel*, 782 F.2d at 1471. As discussed above, the Court has concluded that the Plaintiff has sufficiently pled a meritorious claim for trademark infringement. Therefore, these factors weigh in favor of the Plaintiff.

Factor four is the sum of money at stake in the action. *Eitel*, 782 F.2d at 1471. Plaintiff seeks $44,000.00 in damages for the distribution of infringing goods and $2,895,000.00 in damages for deceptive and infringing advertising for a total of $2,939,000.00 in actual damages, as well as treble damages and $179,940.00 in attorney's fees, for a potential total of $8,996,940. Dkt. 19, 4-5. Ordinarily, when a large sum of money is at stake in a default judgment, this factor weighs in favor of the defendant. *See Eitel*, 782 F.2d at 1472. However, if the amount requested has evidentiary support—specifically tailored and proportional to the defendant's misconduct—then, default should not be denied because the amount sought is substantial. *BR North 223, LLC v. Glieberman*, No. 1:10-cv-02153 LJO-BAM, 2012 WL 639500, *5-6 (E.D. Cal. Feb. 27, 2012) (citing *Board of Tr. of the Sheet Metal Workers Health Care Plan v. Superhall Mechanical, Inc.*, No. 10-cv-2212-EMC, 2011 WL 2600898, *2 (N.D. Cal. June 30, 2011). The evidentiary support for the amount of damages requested by the Plaintiff is discussed later in

|  | : |
|---|---|
| Initials of Preparer | PMC |

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

| | | | |
|---|---|---|---|
| Case No. | 5:16-cv-00674-SVW-SP | Date | December 7, 2016 |
| Title | *Espresso Republic, LLC v. Nubru Coffee, PBC* | | |

this opinion. For the reasons set forth in the following discussion on damages, this factor weighs in favor of the Defendant due to the large sum of money requested by the Plaintiff and the weak evidentiary support for the amount requested by the Plaintiff.

Factor five is whether the possibility of a dispute concerning material facts is likely. *Eitel,* 782 F.2d at 1471-72. First, Plaintiff has sufficiently pled allegations that support its claim for trademark infringement. Additionally, the Plaintiff has provided both its own trademarks and the allegedly infringing marks of the Defendant, allowing the Court to see for itself the likelihood of consumer confusion. The marks appear somewhat similar, and the likelihood of confusion is enhanced because the Plaintiff and Defendant sell the exact same product. Finally, the Plaintiff obtained a judgment against the Defendant in the Trademark Trial & Appeal Board, which included an argument that there was a likelihood of confusion between the Plaintiff's trademarks and the Defendant's marks. Complaint, ¶ 17. Therefore, a dispute concerning material facts is not likely. This fifth factor also weighs in favor of the Plaintiff.

Factor six is whether the default was due to excusable neglect. *Eitel,* 782 F.2d at 1472. There is no evidence that the Defendant's failure to appear is the result of excusable neglect. The Defendant was properly served with the summons and complaint on April 27, 2016. To date, Defendant has not filed anything that could be construed as an attempt to set aside the entry of default for this claim. Furthermore, the Defendant is aware of this action, as it at one point had retained counsel in relation to this claim, but then forced its counsel to withdraw because it had not properly authorized the representation. Dkt. 15. Therefore, this factor weighs in favor of the Plaintiff.

Lastly, factor seven concerns the strong policy underlying the Federal Rules of Civil Procedure favoring decisions on the merits. *Eitel,* 782 F.2d at 1472. Although cases should be decided on the merits whenever possible, the Defendant's failure to appear has made such a decision impractical. Therefore, this factor also weighs in favor of the Plaintiff. Accordingly, on the whole the *Eitel* factors in this case are weighed in favor of granting default judgment.

### IV. Remedy

#### A. Actual Damages

Plaintiffs are required to prove all damages sought in the complaint, and such damages "shall not be different in kind from, or exceed in amount, what is demanded in the pleadings." Fed. R. Civ. P.

_____ : _____
Initials of Preparer
PMC

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

| Case No. | 5:16-cv-00674-SVW-SP | Date | December 7, 2016 |
|---|---|---|---|
| Title | *Espresso Republic, LLC v. Nubru Coffee, PBC* | | |

54(c). "Plaintiff's burden in 'proving up' damages is relatively lenient." *Philip Morris USA, Inc. v. Castworld Products, Inc.*, 219 F.R.D. 494, 498 (C.D. Cal. 2003) (internal citations omitted). But sufficient facts, necessary to determine damages, must be provided to the court. *See id.* In the case of trademark infringement, the plaintiff is entitled to recover "(1) defendant's profits, (2) any damages sustained by the plaintiff, and (3) the costs of the action." 15 U.S.C. § 1117(a).

The Plaintiff has failed to provide sufficient facts that will allow the Court to determine the actual damages suffered by the Plaintiff. The Plaintiff's only allegations of damages stem from the Defendant's provision of goods to the Golden Globes award ceremony in Beverly Hills, California. *See* Dkt. 19, 4; Complaint, ¶ 5. The Plaintiff alleges that the Defendant willfully distributed infringing goods worth $44,000 to the participants in the award ceremony through the gift bags. Decl. of Sater, ¶ 4. The Plaintiff further alleges that the contents of the gift bags were advertised on television. Through a complicated series of calculations, the Plaintiff estimates that the advertising exposure enjoyed by the Defendant as the result of the award ceremony translated to 193,000 sales transactions, which at $15 per transaction resulted in advertising worth $2,895,000. Together, the Plaintiff contends that it is entitled to at least $2,939,000.00 in actual damages.

However, even assuming the calculation performed by the Plaintiff is legally defensible[1] and not pure speculation, the Plaintiff does not provide any reason to conclude that this advertising value or the value of the infringing goods given to people free of charge constitutes its actual damages. The common conception of "damages" in a trademark infringement case is that the similarity of the marks will cause consumers to confuse the two products, thereby increasing sales for the defendant at the expense of the plaintiff. *See* Complaint, ¶ 13. Additionally, the goodwill and reputation of the plaintiff might suffer as the result of trademark infringement because consumers will associate the allegedly inferior product of the defendant with the plaintiff's brand. *See* Complaint, ¶¶ 14-16. For these reasons, the Ninth Circuit has outlined factors to consider when determining a plaintiff's actual damages in a trademark infringement case: injury to the plaintiff's reputation; loss of plaintiff's goodwill, including injury to the plaintiff's general business reputation; the lost profits that the plaintiff would have earned but for the defendant's infringement; the expense of preventing customers from being deceived; and the cost of future corrective advertising reasonably required to correct any public confusion caused by the infringement. *See* Ninth Circuit Jury Instruction 15.25.

---

[1] The Plaintiff does not point to any cases that support the argument that such a calculation is the proper way to determine the damage of infringing advertising, as the calculation of sales made by the Defendant is purely theoretical.

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

| | | | |
|---|---|---|---|
| Case No. | 5:16-cv-00674-SVW-SP | Date | December 7, 2016 |
| Title | *Espresso Republic, LLC v. Nubru Coffee, PBC* | | |

The analysis performed by the Plaintiff does not take any of these factors into account. The $44,000 worth of goods provided to the participants of the Golden Globes cannot constitute a harm to the Plaintiff. The Plaintiff does not allege that the Defendant profited from the provision of these goods, as they were provided to the awards ceremony free of charge. It is not reasonable to infer that the Plaintiff would have been able to sell coffee to these participants if not for the Defendant's infringing mark. Therefore, the $44,000 figure cannot constitute either Defendant's profits resulting from the infringement or damages sustained by the Plaintiff, as required by § 1117(a). Secondly, the "infringing advertising" alleged by the Plaintiff also cannot constitute a damage to the Plaintiff that resulted from the Defendant's infringement. In an infringement case, a plaintiff may be entitled to a defendant's profits, as potentially the defendant will experience sales increases at the expense of the plaintiff because consumers confuse the two products when purchasing an item. However, in the case of the alleged infringing advertising, such damage is impossible. If consumers saw the advertisement for the Defendant's coffee on television and were confused about the source of the product, then they would be expected to buy both Plaintiff's and Defendant's coffee as a result of the advertisement. In that instance, the Plaintiff's sales would actually increase as a result of the confusing advertising, not decrease. If consumers saw the advertisement and bought the Defendant's coffee when they might otherwise have bought the Plaintiff's coffee if they had not seen the advertisement, then they were logically not confused about the source of the advertisement and there could be no claim of consumer confusion, which is a necessary element of infringement. Either way, the value of the advertising or resulting sales cannot possibly provide an estimation for the damage experienced by the Plaintiff. As the damage award to the Plaintiff in an infringement case must "constitute compensation and not a penalty," 15 U.S.C. § 1117(a), the Plaintiff's analysis does not properly calculate the actual damages experienced by the Plaintiff.

The Court does not necessarily conclude that the Plaintiff experienced no damages. As alleged in the Complaint, loss to reputation or goodwill, in addition to Defendant's additional sales or loss of Plaintiff's sales that are attributable to infringement, all can qualify as damages under § 1117(a). However, none of those sources of damages played a role in the Plaintiff's calculations. As such, the Plaintiff has failed to sufficiently demonstrate any actual damages that may be compensated by this Court.

**B. Attorneys' Fees and Costs**

As the Plaintiff has not demonstrated any actual damages, the Court cannot yet conclude that the Plaintiff is entitled to attorneys' fees and costs. However, the Court does note that the Lanham Act only

                                                                                :
                                                              _____
                                            Initials of Preparer
                                                                    PMC

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

| | | | |
|---|---|---|---|
| Case No. | 5:16-cv-00674-SVW-SP | Date | December 7, 2016 |
| Title | *Espresso Republic, LLC v. Nubru Coffee, PBC* | | |

provides for an award of reasonable attorney fees "in exceptional cases." 15 U.S.C. § 1117(a). Nothing in the current record suggests that this case is such an exceptional case, as the infringement claim stems from somewhat similar marks, not counterfeit marks or other egregious examples of infringement. Additionally, this litigation has not involved any complex motion practice or strenuous time commitments from Plaintiff's counsel that might otherwise justify an award of attorneys' fees. The Plaintiff should address why it believes this case is so "exceptional" that it justifies an award of attorneys' fees.

### C. Injunctive Relief

The Plaintiff has sufficiently demonstrated that is entitled to injunctive relief under 15 U.S.C. § 1116. However, the Court will give the Plaintiff a chance to properly plead actual monetary damages before it disposes of the case by awarding injunctive relief only. Therefore, the Court will not grant injunctive relief at this time.

In conclusion, this Court is inclined to grant this motion for default judgment because the Plaintiff has sufficiently pled that the Defendant is liable for trademark infringement, for the reasons stated in this order. However, the Court cannot rely on legal conclusions and theoretical calculations to establish the damages suffered by the Plaintiff. As a result, the Court finds the Plaintiff's analysis insufficient to establish that it is entitled to monetary compensation for actual damages. The Plaintiff may either provide further analysis to support its conclusion that it is entitled to actual damages, or it may file an amended complaint that includes the specific harm it suffered as a result of the Defendant's infringement. Any numerical calculation of damages should be based on harm actually suffered by the Plaintiff as the result of the infringement, such as a monetary value of the harm to the Plaintiff's goodwill or reputation, the sales lost by the Plaintiff from the infringement, or the Defendant's profits that resulted from consumer confusion. The current analysis in no way approximates the actual damage experienced by the Plaintiff.

### V. Order

For the foregoing reasons, the Court DENIES Plaintiff's motion for default judgment. The Plaintiff shall file supplemental briefing providing further analysis on why it is entitled to actual damages or shall file an amended complaint further specifying and monetizing the harm it has suffered from the Defendant's infringement within 21 days of this order.

IT IS SO ORDERED.

_____ : _____
Initials of Preparer
PMC