**FILED**
CLERK, U.S. DISTRICT COURT

Jan 20, 2017

CENTRAL DISTRICT OF CALIFORNIA
BY: ___PMC___ DEPUTY

# UNITED STATES DISTRICT COURT

# CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| ESPRESSO REPUBLIC, LLC, a California limited liability company,<br><br>Plaintiff,<br><br>v.<br><br>NUBRU COFFEE, PBC, a Colorado public benefit corporation,<br><br>Defendant. | Civil Case No. 16-cv-00674-SVW-SP<br><br>**JUDGMENT AND PERMANENT INJUNCTION**<br><br>JS-6 |

IT IS HEREBY ORDERED AND ADJUDGED AS TO NUBRU COFFEE, PBC:

1. This is an action for trademark infringement (15 U.S.C. §1114), false designation of origin (15 U.S.C. §1125) and unfair competition (Cal. Bus. & Prof. Code §17200) as well as common law trademark infringement and unfair competition.

2. With respect to the Lanham Act claims, this Court has original and/or exclusive subject matter jurisdiction over the claims of this action under 28 U.S.C. §§1331 and 1338(a) and (b). The Court has supplemental jurisdiction with respect to the California Business and Professions Code based claim pursuant to 28 U.S.C. § 1367(a). This Court has personal jurisdiction over the defendant NuBru Coffee, PBC (hereinafter "NuBru") as defendant is/was doing business in the state and the acts of infringement have occurred in the state.

3. Venue is proper in this Court pursuant to 28 U.S.C. §1391(b)-(c) and 1400(b). The acts of infringement and unfair competition have occurred in this district.

4. Plaintiff Espresso Republic, LLC (hereinafter "Espresso Republic") is the owner of all right, title and interest in and to U.S. Trademark Registration Nos. 4,640,577 and 4,317,928 (hereinafter "the ER trademarks.")

5. The ER trademarks are valid, inherently distinct and enforceable. The ER trademarks have acquired substantial goodwill with the consuming public.

6. NuBru made, used, sold and offered for sale goods that infringed the ER trademarks as alleged in Espresso Republic's complaint filed April 11, 2016.

7. Espresso Republic is irreparably harmed by, and has no adequate remedy at law for NuBru's infringement and is entitled to a permanent injunction. The balance of hardships regarding an injunction weighs in Espresso Republic's favor and the public interest does not preclude entry of a permanent injunction in this case.

8. Effective as of the date, Judgment is entered by the Court, defendant NuBru, its officers, agents, representatives, subsidiaries, directors, principals, successors, assigns, servants, employees, and attorneys, and all persons in active concert or participation with any of them, are hereby permanently enjoined from infringing plaintiff's ER trademarks; and conspiring, encouraging, inducing, allowing, abetting, or assisting others in infringing plaintiff's ER trademarks. This shall include, but not be limited to, the use of the below marks or anything confusingly similar thereto:



IT IS SO ORDERED.

Dated: January 20, 2017

_____
U.S. District Judge Stephen V. Wilson